**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 30, 2019

LETTER TO COUNSEL

      RE:    *Whitfield, et al. v. Liberty Mutual Group Inc., et al.,*
                Civil No. SAG-18-2108

Dear Counsel:

      I have reviewed Defendant Liberty Mutual Group Inc.'s[1] Combined Motion to Strike and Motion for a More Definite Statement, or in the Alternative, Motion to Dismiss, ECF 28, and supporting memorandum, ECF 28-1 (collectively, "the Motion"). Plaintiff Charline Whitfield ("Whitfield") filed an opposition, ECF 30, and Liberty Mutual filed a reply, ECF 33. For the reasons stated herein, the Motion will be granted in part and denied in part.

      In the Motion, Liberty Mutual seeks several types of relief: (1) an order striking Curtis Nelson as a plaintiff, with respect to the breach of contract claim against Liberty Mutual; (2) an order striking all of Plaintiff Charline Whitfield's references to breach of contract claims relating to the timeliness of claims investigation and remediation; (3) an order striking any claims for emotional distress damages and/or other noneconomic damages; and (4) a request that Whitfield be required to produce a more definite statement of her personal property inventory, in order to avoid dismissal of her claim. *See* ECF 28-1. Each form of relief will be addressed below.

      First, in response to Liberty Mutual's first two arguments, Whitfield agrees that she inadvertently failed to delete paragraph 43 from her Amended Complaint. ECF 30-1 at 3. That paragraph contains both the reference to Nelson and the breach of contract claims relating to the timeliness of Liberty Mutual's claims investigation and remediation. *Id.* Accordingly, I will grant the unopposed motion to strike paragraph 43. Per this Court's March 8, 2019 Opinion, ECF 24 at 13, Nelson lacks standing to pursue a breach of contract claim against Liberty Mutual. I will deny Liberty Mutual's request to strike Nelson's name from the *ad damnum* clause, however, because Nelson retains a claim against the other defendant in this case, Roto-Rooter Services Company. Further, to the extent any other provisions of the Amended Complaint can be read to include such a claim, Whitfield will not be permitted to pursue a breach of contract claim with respect to her

---

[1] Despite the note in this Court's March 8, 2019 Order that Plaintiff had misidentified the insurer in this matter as "Liberty Mutual Group, Inc." instead of "Liberty Mutual Fire Insurance Company," ECF 24 at 1 n.1, the Amended Complaint persisted in naming Liberty Mutual Group, Inc. This Letter Opinion will refer to the Defendant simply as "Liberty Mutual." Unless Plaintiffs contest the identification of the appropriate Defendant, Plaintiffs should file a Second Amended Complaint 1) naming Liberty Mutual Fire Insurance Company, and 2) aligning their remaining allegations with the rulings in this Opinion.

allegations of untimely claims investigation and remediation by Liberty Mutual, since the time frames she cites are not required by the Policy. *See* ECF 28-3 at 2, 6-7, 22, 33 (the Whitfield insurance policy).

Third, Liberty Mutual seeks to strike Whitfield's claims for emotional distress damages and non-economic damages. ECF 28-1 at 8-9. Liberty Mutual correctly notes that this Court's prior Order dismissed Whitfield's breach of contract claim, and permitted amendment of the Complaint, with Liberty Mutual's consent, but limited the relief to be sought to "damages recoverable under the policy." ECF 25. The insurance policy between Liberty Mutual and Whitfield does not provide for emotional distress damages or other non-economic compensation, *see* ECF 28-3, so the claims in Whitfield's Amended Complaint exceed the scope of the limited amendment Liberty Mutual agreed to permit.

Even absent the restricted scope of Liberty Mutual's consent, the damages Whitfield seeks are not recoverable in a breach of contract context. In *Hartz v. Liberty Mutual Ins. Co.,* 269 F.3d 474, 475 (4th Cir. 2001), the Fourth Circuit considered claims brought by homeowners against their homeowner's insurance company, in which one homeowner alleged "that the eighteen month delay in settling her claim adversely impacted her health and prevented her working from home." The Fourth Circuit disallowed damages beyond the "confines of the insurance agreement," stating:

> No amount of artful pleading such as terming the damages 'consequential' can disguise what Hartz is seeking – extra-contractual damages for additional medical expenses, business losses, and emotional distress. These damages do not arise naturally from her homeowner's insurance policy. These damages resulted from Liberty Mutual's delay. And Maryland has made a considered decision not to recognize a tort action for bad faith failure to settle with an insured.

*Id.* at 476. The case Whitfield cites, *Bierman Family Farm, LLC v. United Farm Family Ins. Co.,* 265 F. Supp. 3d 633, 639 (D. Md. 2017), does not support the proposition that economic distress or other non-economic damages are recoverable in the context of an insurance policy claim. Whitfield has alleged no facts to support the notion that the parties understood that emotional distress or non-economic damages were "contemplated by the parties when they entered into the contract as the probable result of the breach." *Id.* (quoting *Johnson v. Fed. Kemper Ins. Co.*, 74 Md. App. 243, 249 (1988)). Thus, *Hartz* controls, and limits Whitfield to the damages she can recover under her insurance policy. *See* 269 F.3d at 476. Her claims for emotional distress damages, and other non-economic damages, are dismissed with prejudice.

Whitfield's last argument is her strongest. Liberty Mutual seeks a more definite statement regarding the personal property inventory Whitfield now alleges having provided to Liberty Mutual in paragraph 45 of the Amended Complaint. ECF 28-1 at 9-11; *see* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). Whitman's factual allegation, that she "submitted a detailed inventory of damaged personal property," is neither vague nor ambiguous. ECF 27, ¶ 45. As with many of the factual allegations

in the Amended Complaint, there are additional details that will be available to Liberty Mutual in discovery, such as the date and manner of Whitfield's submission and the contents of the inventory. However, the allegation permits Liberty Mutual to admit or deny that Whitfield submitted such an inventory, and Liberty Mutual's request for a more definite statement, or dismissal of Whitfield's claim, will be denied.

      For the reasons set forth above, Liberty Mutual's Combined Motion to Strike and Motion for a More Definite Statement, or in the Alternative, Motion to Dismiss, ECF 28, will be GRANTED IN PART AND DENIED IN PART. Despite the informal nature of this letter, it will be flagged as an Opinion. An implementing Order will be docketed herewith.

                              Sincerely yours,

                                /s/

                              Stephanie A. Gallagher
                              United States District Judge