**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 9, 2020

LETTER TO PLAINTIFFS AND COUNSEL

    RE:    *Whitfield, et al. v. Liberty Mutual Group Inc., et al.*,
               Civil No. SAG-18-2108

Dear Counsel:

        I have reviewed Defendant Roto-Rooter Services Company's ("Roto-Rooter's") Motion to Dismiss Plaintiff's Third Amended Complaint, ECF 43 ("the Motion"). Plaintiffs Charline Whitfield and Curtis Nelson, who appear *pro se,* have not filed an opposition. For the reasons stated herein, the Motion will be granted, although Plaintiffs will be granted one final opportunity to amend their Complaint.

        Plaintiffs originally sued two other defendants in addition to Roto-Rooter, but the claims against those defendants are no longer pending. *See* ECF 25 (granting former Defendant Stanley Steemer International, Inc.'s Motion to Dismiss); ECF 50 (granting the Joint Motion to Dismiss claims against former Defendant Liberty Mutual Group, Inc.). In two prior iterations of their Complaint, Plaintiffs asserted a negligence claim against Roto-Rooter, based on allegations that Roto-Rooter improperly installed a sump pump in Plaintiffs' basement. ECF 1-3, ¶ 36; ECF 27, ¶ 38. Roto-Rooter filed answers to each of those prior versions of the Complaint. ECF 18; ECF 29. In Plaintiffs' Third Amended Complaint, however, without adding any new factual allegations about Roto-Rooter's conduct, Plaintiffs amended their "negligence" claim to state[1]:

> To be clear, Roto-Rooter's negligence was gross negligence, in that Roto-Rooter acted with a thoughtless disregard of the consequences of how it was installing the sump pump without the exertion of any effort to avoid such negative consequences. Moreover, it is in the public interest for companies such as Roto-Rooter to correctly install essential home devices such as sump pumps.

ECF 40, ¶ 32. Thus, the Third Amended Complaint asserts a claim for gross negligence, and Roto-Rooter, instead of filing an answer, has moved to dismiss under Fed. R. Civ. P. 12(b)(6). The gross negligence count is the only count against Roto-Rooter in this case.

        Even taken as true and in the light most favorable to the Plaintiffs, the factual allegations in the Third Amended Complaint do not establish that Roto-Rooter "inflict[ed] injury intentionally[,] or [was] so utterly indifferent to the rights of others that [it acted] as if such rights

---

[1] While pleadings drafted by *pro se* litigants are entitled to liberal construction, the Third Amended Complaint was filed by Plaintiffs' prior counsel before his withdrawal from the case.

did not exist." *Barbre v. Pope*, 402 Md. 157, 187 (2007) (quoting *Liscombe v. Potomac Edison Co.*, 303 Md. 619, 635 (1985)). Plaintiffs merely allege that Roto-Rooter installed Plaintiffs' sump pump float backwards, and that one of its employees admitted to Plaintiffs "that Roto-Rooter failed to properly install the sump pump." ECF 40, ¶¶ 11-12, 19. These facts do not suggest that Roto-Rooter intentionally mis-installed the sump pump in Plaintiff's basement, or engaged in conduct demonstrating "utter indifference" to Plaintiffs' rights. *Compare with Great N. Ins. Co. v. Recall Total Info. Mgmt., Inc.*, No. TDC-13-1829, 2014 WL 3845891, at *1-2, *4-5 (discussing the fact-specific allegations supporting the claim that the defendants were grossly negligent in maintaining storage racks within a warehouse that were noticeably "overloaded and overstressed," and in allowing unlicensed employees to operate heavy machinery, all of which led to a roof collapse).

Accordingly, Roto-Rooter's Motion to Dismiss Plaintiffs' Third Amended Complaint, ECF 43, will be granted, but Plaintiffs will be allowed thirty days to seek leave to amend their complaint, one final time, to revert back to their original claim for negligence. Despite the informal nature of this letter, it will be flagged as an Opinion. An implementing Order will be docketed herewith. The Clerk is further directed to mail a copy of this letter to Plaintiffs at their address of record.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge